UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SIRENA ARAGONES,

                        Plaintiff,

             -against-

GREATER HUDSON VALLEY HEALTH SYSTEM,

                        Defendant.

1:21-CV-0369 (LLS)

ORDER TO AMEND

---

LOUIS L. STANTON, United States District Judge:

     Plaintiff, who appears *pro se*, seems to be attempting to assert claims of employment discrimination under federal law. She has not filed a complaint; she has filed a copy of a Dismissal and Notice of Rights that the United States Equal Employment Opportunity Commission ("EEOC") issued to her on October 13, 2020. She has also filed a request to proceed *in forma pauperis* ("IFP"). By order dated March 1, 2021, the court granted Plaintiff's request to proceed IFP. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

     The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff has filed a Dismissal and Notice of Rights ("right-to-sue letter") that the EEOC issued to her on October 13, 2020, and a request to proceed IFP. The right-to-sue letter indicates: (1) the EEOC adopted the findings of a state or local fair-employment practices agency that investigated the discrimination charge that Plaintiff filed, and (2) the EEOC sent a copy of the right-to-sue letter to the Greater Hudson Valley Health System ("GHVHS"). Plaintiff names the GHVHS as the defendant in the caption of her request to proceed IFP. Neither the right-to-sue letter, nor the request to proceed IFP contains any allegations.

## DISCUSSION

Rule 3 of the Federal Rules of Civil Procedure states that "[a] civil action is commenced by filing a complaint with the court." And Rule 8(a) of those rules requires that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." In addition, Rule 10(a) of those rules requires that a complaint "have a caption with the court's name, a title, a file number, and a [complaint] designation. The title of the complaint must name all the parties."

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court

must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

Plaintiff has failed to file a complaint. And her right-to-sue letter and request to proceed IFP do not comply with the requirements of Rules 3, 8, and 10. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint that complies with the requirements of Rules 3, 8, and 10. Plaintiff may attach to her amended complaint copies of documents relevant to her claims, including the right-to-sue letter.

## LEAVE TO AMEND

The Court grants Plaintiff leave to file an amended complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against the defendant. If Plaintiff has an address for the defendant, she must provide it. Plaintiff should include all of the information in the amended complaint that she wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a)  the names and titles of all relevant persons;

    b)  a description of all relevant events, including what the defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)  a description of the injuries Plaintiff suffered; and;

    d)  the relief she seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how, when, and where such violations occurred, as well as why Plaintiff is entitled to relief.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:21-CV-0369 (LLS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss this action without prejudice for failure to comply with this order.

SO ORDERED.

Dated:   March 8, 2021
         New York, New York

_____
Louis L. Stanton
U.S.D.J.