UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIRENA ARAGONES,<br><br>        Plaintiff,<br><br>  -against-<br><br>GREATER HUDSON VALLEY HEALTH SYSTEM,<br><br>        Defendant. | 7:21-CV-0369 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

  Plaintiff, who appears *pro se*, asserts claims of employment discrimination against her former employer, Greater Hudson Valley Health System ("GHVHS"). The Court construes Plaintiff's amended complaint as asserting claims under the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, and the New York Human Rights Law.

  By order dated March 1, 2021, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). The Court directs service on GHVHS.

## DISCUSSION

  Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the amended complaint on GHVHS until the Court reviewed the amended complaint and ordered that a summons be issued for GHVHS. The Court therefore extends the

time to serve GHVHS with the amended complaint until 90 days after the date that a summons is issued for GHVHS. If the amended complaint is not served on GHVHS within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the amended complaint on GHVHS through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for GHVHS. The Clerk of Court is further instructed to issue a summons for GHVHS and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summons and the amended complaint on GHVHS.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to: (1) issue a summons for Greater Hudson Valley Health System, (2) complete a USM-285 form with the service address for Greater Hudson Valley Health System, and (3) deliver all documents necessary to effect service of the

summons and the amended complaint on Greater Hudson Valley Health System to the U.S. Marshals Service.

SO ORDERED.

Dated:   June 28, 2021
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Greater Hudson Valley Health System
707 East Main Street
Middletown, New York 10940